## SUGLYO v STUMP et

Ohio Appeals, 5th Dist, Perry Co

No. 178. Decided November 1929

Mr. J. E. Powell, New Lexington, for Suglyo.

Messrs. E. C. Wagner and T. B. Williams, New Lexington, for Stump et .

LEMERT, J.

As to when a judgment on the pleadings is justified it must be found that taking all the averments as they stand they present a question of law.

**77 OS. 360-372**

Section **3836 GC** provides:

(Here follows quotation)

The above Section provides that when a petition is signed in the manner indicated by the above section, the entire costs of any improvement of such street or highway, without reference to the value of the lands of those **who subscribed such peti-**

tion may be assessed and collected as provided by this Section.

The language used in the petition to council in this case was plain, clear and explicit, wherein it said—

"And the undersigned and each of them consent and request that said assessments be levied and collected without reference to the value of the property of the subscribers hereto and **waive all benefits** of the statute limiting assessments to 33 1-3% of the actual value of the property assessed."

The petitioners say in effect to council, that if you will improve a street upon which our lots about, we will pay all of the actual costs of improvements except only such as is by law chargeable to the municipality, or in other words they petition council to improve these streets, notwithstanding, the fact that their portion of the costs thereon may in such case exceed the limitations provided for by **Section 3836.**

By signing such a petition which is an inducement to pave the streets and save the village from paying the excess of the value of the lots, the petitioners cannot now be heard to say that the cost of the improvements exceeds the benefits of the 33 1-3% of actual value of the lots.

By signing such petition and inducement to pave they also say that they waive their limitations.

The plaintiffs in their reply admit that they waive the 33 1-3% limitation mentioned in **3836 GC.**

Now, from the above facts and by applying the law, it seems to be very clear that plaintiffs in error have waived all and every right to protection they might have had under the constitution and laws of the State.

This, the case at bar is an equity case. Plaintiffs must come into Court with clean hands.

On a question of waiver we cite

**103rd OS. 585**
**110th OS. 82**

If the petitioners in this case had filed their petition for improvement without setting forth that they waived statutory righs etc, but simply asked for council to improve the streets, and that they will pay whatever assessments as is authorized by law, then they would not waive any rights or be estopped if the assessment exceeded 33 1-3% or was more than the benefit. But that is not the case at bar.

Without entering into discussion of the numerous cases cited by counsel on both sides of this case, we find that under numerous Ohio decisions and that of other jurisdictions, that in such a case as the one at bar, that it is plain, and clear by **Section 3836.** What can be done and how an excess of valuation may be made, and when it is done by petition, it is quite clear as to the application of the law. So, we find and hold on all of the facts pleaded, including admissions of the petition and reply thereto, and applying the law to these facts there can be no question but what the lower Court was right in sus-

taining the motion to render judgment on the pleadings.

The finding and judgment of the lower Court will therefore be affirmed.

Exceptions may be noted.

Houck, J. and Sherick, J., concur.